IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK11-82735-TLS |
| | ) | |
| KENT D. BUSHNELL, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |
| KENT D. BUSHNELL, | ) | ADV. NO. A11-8107-TLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BANK OF THE WEST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on a complaint (Fil. #1) filed by Plaintiff, Kent D. Bushnell, against Defendants Bank of the West, JPMorgan Chase Bank, N.A. ("JPMorgan"), Chase Home Finance, LLC ("Chase"), and Bank of Nebraska. Defendants have each filed motions to dismiss (Fil. #7, #16, and #18), and Plaintiff filed a response (Fil. #13).[1]

*Background*

Plaintiff's complaint purports to be an action to recover property and money, to determine the validity, priority, or extent of a lien or other interest in property, to obtain an injunction or other equitable relief, and to obtain a declaratory judgment. In reality, it is a jumbled mess of unsupported allegations of fraud and illegal acts. In essence, it appears that Plaintiff believes that the pre-petition nonjudicial foreclosure of the real property located at 2914 North 172nd Street, Omaha, Nebraska ("Property"), was improper, should be set aside, and damages awarded.

As more fully discussed below, this adversary proceeding is a non-core proceeding that is related to a case under title 11. As such, this court does not have the power to enter a final order, but may issue proposed findings of fact and conclusions of law. Since the pending motions address issues that are dispositive of this proceeding, I respectfully request that the United States District Court for the District of Nebraska accept this Report and Recommendation as proposed findings of fact and conclusions of law.

---

[1]Plaintiff's response was filed to the motion to dismiss by Chase and JPMorgan. Plaintiff did not file a response to Bank of Nebraska's motion to dismiss. The time for filing a response to Bank of the West's motion has not yet expired, but in light of the findings herein, a response is not necessary.

The following facts are derived from the public records of the Register of Deeds of Douglas County, Nebraska. Conveniently, Plaintiff has attached to his pleadings (the complaint and his response to the motion to dismiss filed by Chase and JPMorgan) copies of the publicly recorded documents from which the facts were obtained:

1. On May 24, 2005, to secure a loan from Bank of Nebraska in the amount of $227,500.00, Kent D. Bushnell and Christina R. Bushnell, husband and wife, executed and delivered to Bank of Nebraska a deed of trust ("Deed of Trust") encumbering the Property. Bank of Nebraska is named as the trustee and as the lender/beneficiary of the Deed of Trust. The Deed of Trust was filed with the Register of Deeds of Douglas County, Nebraska, on June 2, 2005, at Instrument No. 2005062817.

2. On May 24, 2005, Bank of Nebraska executed an Assignment of Mortgage/Deed of Trust ("First Assignment") under the terms of which it assigned to JPMorgan the Deed of Trust and the debt secured thereby. The First Assignment was filed with the Register of Deeds of Douglas County, Nebraska, on June 2, 2005, at Instrument No. 2005062819.

3. On May 24, 2005, JPMorgan executed an Assignment of Mortgage/Deed of Trust ("Second Assignment") under the terms of which it assigned to Chase the Deed of Trust and the debt secured thereby. The Second Assignment was filed with the Register of Deeds of Douglas County, Nebraska, on December 2, 2010, at Instrument No. 2010114696.

4. On December 2, 2010, Chase executed a Substitution of Trustee whereby it appointed Eric H. Lindquist, P.C., L.L.O. as successor trustee under the Deed of Trust. The Substitution of Trustee was filed for record with the Register of Deeds of Douglas County, Nebraska, on December 2, 2010, at Instrument No. 2010114697.

5. On December 2, 2010, a Notice of Default was executed by Eric H. Lindquist, successor trustee. The Notice of Default was recorded with the Register of Deeds of Douglas County, Nebraska, on December 2, 2010, at Instrument No. 2010114698.

6. On February 23, 2011, Eric H. Lindquist, successor trustee, executed a Trustee's Deed which was subsequently filed with the Register of Deeds of Douglas County, Nebraska, on April 1, 2011, at Instrument No. 2011029142.

7. Under the terms of the Trustee's Deed, Eric H. Lindquist, as successor trustee, conveyed the Property to Bank of the West as the grantee, for a purchase price of $192,009.00. The Trustee's Deed contains recitals regarding the recording of the Notice of Default and the mailing of the same to all persons entitled to notice and in compliance with Neb. Rev. Stat. § 76-1008. The Trustee's Deed further contains recitals regarding publication for five consecutive weeks and setting forth the dates of publication of a Notice of Trustee's Sale in *The Daily Record*, a newspaper having general circulation in Douglas County, Nebraska. The Trustee's Deed further indicates that a copy of the Notice of Trustee's Sale was mailed to all parties entitled to notice pursuant to the Deed of

Trust and in compliance with Neb. Rev. Stat. § 76-1008. Finally, the Trustee's Deed states that Bank of the West was the highest bidder at the sale and paid the purchase price.

### *Discussion*

As a threshold matter, both Bank of the West and Bank of Nebraska have asserted that this adversary proceeding should be dismissed for lack of subject matter jurisdiction. However, couching the issue in terms of "jurisdiction" is technically incorrect. As the Bankruptcy Appellate Panel for the Eighth Circuit has recently stated:

> Congress has allowed district courts to refer bankruptcy cases and proceedings to the bankruptcy judges in its district. 28 U.S.C. § 157(a). The United States District Court for the District of Nebraska has made such a reference. Thus, whatever jurisdiction Congress vested in the district court, has now been referred to the bankruptcy court. However, Congress, aware of constitutional limitations, has limited the bankruptcy court's authority over these referred cases and proceedings. Congress has granted the bankruptcy court the authority to hear *and determine* all bankruptcy cases and all core proceedings arising under the Bankruptcy Code or arising in a bankruptcy case. *Id.* § 157(b)(1). If a proceeding is not a core proceeding, the bankruptcy judge may still hear the proceeding, but may not *determine it*. In the latter situation the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court. *Id.* § 157(c)(1). Lastly, a bankruptcy judge may hear and determine a non-core proceeding with the consent of the parties. *Id.* § 157(c)(2).

*Badami v. Sears (In re AFY, Inc.)*, ___ B.R. ___, 2012 WL 98510 at *3 (B.A.P. 8th Cir. Jan. 13, 2012).

Thus, the first question in determining the bankruptcy court's authority to enter a final order is to see if Congress has granted the court the statutory authority to do so by designating it as a core proceeding. Core proceedings are those cases arising under title 11 or arising in a case under title 11. *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011). Since this adversary proceeding pertains to actions taken by the lender prior to bankruptcy filing and is based upon allegedly unlawful or "illegal" conduct occurring prior to bankruptcy filing, it did not arise under title 11 or in a bankruptcy case. Therefore, it is not a core proceeding.

The adversary proceeding is, however, "related to" a bankruptcy case since it would clearly have an effect on the estate being administered in bankruptcy if the Plaintiff were able to recover on his claims.[2] Therefore, this court has statutory authority to hear this proceeding, but may not

---

[2]Non-core, related-to proceedings are those which "could conceivably have [an] effect on the estate being administered in bankruptcy." *GAF Holdings, LLC v. Rinaldi (In re Farmland Indus., Inc.)*, 567 F.3d 1010, 1017 (8th Cir. 2009) (citation omitted).

determine it. For that reason this Report and Recommendation is being issued to the United States District Court for the District of Nebraska as proposed findings of fact and conclusions of law.

Moving on to the merits of the motions, Defendants seek dismissal for failure to state a claim upon which relief can be granted, presumably pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012.

Rule 12(b)(6) serves to "eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young* v. *City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001). To survive a motion to dismiss under Rule 12(b)(6), the federal pleading rules require that the facts alleged must "raise a right to relief above the speculative level." *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555-56, n.3 (2007) (citations omitted). In other words, factual allegations must make "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.; see also Ashcroft* v. *Iqbal,* 129 S. Ct. 1937, 1949 (2009) (federal rules "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 555). Only a complaint that presents a "plausible claim for relief survives a motion to dismiss." *Iqbal,* 129 S. Ct. at 1950.

Plaintiff's complaint simply fails to present a plausible claim for relief. The complaint contains many conclusory statements, but little in the way of actual facts to support those conclusory statements. In particular, the complaint fails to assert any facts (as opposed to conclusions) that are contrary to the facts established in the documents filed as a matter of public record in Douglas County, Nebraska. Although it is difficult to decipher, it seems the thrust of Plaintiff's complaint is the assertion that Bank of Nebraska, the original trustee named in the Deed of Trust, never executed any assignment of its interest as trustee of the Deed of Trust. Plaintiff seems to believe that lack of an assignment from the trustee makes everything else that happened "illegal" or "fraudulent."[3] Plaintiff is mistaken. Nebraska law is abundantly clear that the beneficial interest in a deed of trust may be assigned and the assignment filed of record. Neb. Rev. Stat. § 76-1017. Further, the trustee of a deed of trust can be substituted at any time – the beneficiary of record simply needs to execute and record a substitution of trustee. Neb. Rev. Stat. § 76-1004(1). In any event, it would be strange, to say the least, to allow Plaintiff to proceed upon such a theory when the original trustee (Bank of Nebraska) is one of the Defendants asking that this case be dismissed.

---

[3]Interestingly, Plaintiff seems to base all of this on the recorded documents related to the Deed of Trust and makes no factual allegations at all as to the existence, location, or ownership or possession of the promissory note secured thereby.

The public record facts as set forth in the documents attached to Plaintiff's pleadings establish that Bank of Nebraska made a loan to Plaintiff secured by a Deed of Trust encumbering the Property. Bank of Nebraska assigned the beneficial interest in that Deed of Trust and the debt it secured to JPMorgan, which entity subsequently assigned the same to Chase. Chase then appointed Mr. Lindquist as the successor trustee, who declared a default, advertised and conducted a trustee's sale, and sold the property to Bank of the West. The Trustee's Deed contains recitals as to compliance with the Nebraska Trust Deeds Act in declaring a default and conducting the sale, which recitals constitute prima facie evidence of compliance with the Act. Neb. Rev. Stat. § 76-1010.

Plaintiff's bankruptcy proceeding (filed more than eight months after the trustee's sale) and this adversary proceeding (filed more than nine months after the trustee's sale), appear to be nothing more than an attempt by Plaintiff to harass Defendants who, based on the documents filed as a matter of public record, conducted themselves in compliance with applicable law. As such, I respectfully recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted. Further, I respectfully recommend that the dismissal be entered without opportunity to amend in light of Plaintiff's blatant harassment of Defendants.

Finally, in the event the United States District Court for the District of Nebraska determines that the complaint not be dismissed, or that an opportunity to amend be provided, I respectfully recommend that the district court exercise discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) since this matter did not arise under title 11 or arise in a case under title 11 and involves allegations pertaining to a trustee's sale conducted under the laws of the State of Nebraska many months prior to bankruptcy filing. If such a case should proceed anywhere, it should be in the state courts.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED: February 14, 2012.

                                                                 RESPECTFULLY SUBMITTED,

                                                                 /s/ Thomas L. Saladino
                                                                 Chief Judge

Notice given by the Court to:
       Kent D. Bushnell
       Eric H. Lindquist
       Nicole Seckman Jilek
       Craig A. Knickrehm
       Kathleen A. Laughlin
       United States Trustee